(Hamilton County Common Pleas Court).

## THE COVINGTON & CINCINNATI BRIDGE COMPANY v. LILLIAN DEVOTO et al.

When the election must be made to take the jury's award for a structure only part of which stands on the land appropriated.—

SPIEGEL, J.

The plaintiff in this case files its petition in error for the following reasons:

1. That the court in its judgment included a sum of money assessed by the jury as the value of a structure partly upon the premises appropriated in said proceedings and partly upon the residue of defendant's premises, and whereas said defendants did not elect to take the amount of said valuation within ten days from the rendition of the verdict as required by law.

2. The court erred in overruling defendant's objection to the attempted election of defendants, made more than ten days from the rendition of the verdict.

3. There were other errors of law to the prejudice of the plaintiff in error.

Sec. 6431 provides: "When a building or other structure is situated partly upon land sought to be appropriated, and partly upon adjoining land, and such structure can not be divided upon a line between two such tracts without manifest injury, the jury, in assessing the compensation to any owner of the lands, shall assess the value of the same exclusive of the structure, and make a separate estimate of the value of the structure; the owner of the structure may elect to retain the ownership of the same, and to remove it, or to accept the value thereof as estimated by the jury; if he shall fail to make such election within ten days from the date of the report of the jury, or within ten days from the determination of the cause in any higher court to which it may be taken, he shall be deemed to have elected to retain and remove the structure; but if he elect to accept the value of the structure, the title thereto shall vest in the corporation making the appropriation which shall have the right to enter upon the land for the purpose of removing the structure therefrom."

In his charge to the jury, Judge Ferris treated the question whether such structure could be divided upon the line between two such tracts of land without manifest injury as a question of fact, and left it to the jury to determine whether there was such manifest injury or not. I can see no error in treating this matter as a question of fact and thus charging the jury.

The other error assigned alleges that the defendant in error did not elect to accept the value of such structure as esti-

mated by the jury within ten days from the date of their verdict, and that therefore they are not entitled to the amount found due them. Defendant in error filed a motion for a new trial in this cause, which motion was not decided by the Probate Court until after the ten days had elapsed, but said defendant in error elected to take the value as estimated by the jury within ten days from the overruling of said motion. If the contention of the plaintiff in error is correct, it is within the power of any court before whom such causes are tried, to deprive any property owner of the right to move for a new trial, for fear that the court may retain said motion longer than ten days, or, if he still insists upon doing so, of compelling him to carry the case to a higher tribunal, even if he should be satisfied with the decision of the court upon his motion, for the statute only provides that he must accept the amount found by the jury within ten days from their verdict, or within ten days from the determination of the cause in any higher court to which it may be taken.

As defendant in error could not have taken this cause to any higher court without first filing a motion for a new trial and awaiting its determination, it must clearly have been the intent of the law making power to so construe both provisions of this section together that they both may stand, and this can only be done by a holding that the first provision of the statute, that such election must be made within ten days from the date of the report of the jury, applies when no motion for a new trial has been filed, and that the second provision that such election must be made within ten days from the determination of the cause in any higher court applies to cases in which a motion for a new trial has been filed, and the property owner does not desire to proceed further after the determination of such motion by the court. In such case the election may be made within ten days after said motion for a new trial has been decided.

The petition in error must therefore be dismissed.

Maxwell & Ramsey, for the Bridge Co.
Cohen & Mack, contra.